HENRY L. PRICHARD *v.* R. P. DEVAN, *Mayor*

(No. 7824)

Submitted January 10, 1934. Decided January 16, 1934.

S. B. Avis, for relator.
. Charles Ritchie and Philip H. Hill, for respondent.

HATCHER, JUDGE:

At the regular session of the legislature in 1933 an Act was passed placing paid municipal fire departments under ˙civil service. See Acts 1933, chapter 60. Section 2 thereof is. in part as follows:

> ''There shall be a 'civil service commission' in each city or incorporated town having a fire department, any of the members of which are paid by said city or municipality. This civil service commission shall consist of three commissioners, one of whom shall be appointed by the mayor or principal executive officer of said city; one of whom shall be appointed by the local trades board in event that said board shall exist in said city, or in case no such board exists in said city, then by the paid international association of fire fighters; and the third shall be appointed by the local chamber of commerce. The persons appointed commissioners shall be qualified voters of the city or municipality for which they are appointed; and at least two of said commissioners shall be per-

sons in full sympathy with the purposes of this act. Not more than two of the said commissioners, at any one time, shall be adherents of the same political party.''

The mayor of the city of Charleston refused to appoint a commissioner as above directed. This is a proceeding in mandamus to compel the appointment.

The brief of the mayor advances the following propositions in justification of his course:

''FIRST: The act of the legislature is void, because it attempts to confer official powers upon non-official bodies.

''SECOND: The act as written requires a political test as a prerequisite to pursue an employment.

''THIRD: The act is void on account of uncertainty.

''FOURTH: The relator does not show a clear legal right to the writ prayed for.''

1. The brief points to the fundamental law that official power under state government must be derived from the citizens of the state, and then makes the following argument: ''It will be observed that the act authorizing the appointment of members of a 'civil service commission' as provided in the act by chambers of commerce and local trades boards prescribes no qualifications for membership upon said bodies. Members thereof may be non-residents of the municipality, state or even the nation, yet, if the act is valid the members thereof are those in whom reside one of the most important of all functions of civil government, towit: the power to designate and appoint public officials.'' That argument is not well taken, however, because it is an approved rule of statutory construction that ''Acts are deemed to refer and apply to persons and things within the state and within the power of the legislature.'' Lewis' Sutherland Stat. Const. (2d Ed.) sec. 513.

The brief further contends that the power of appointment to public office can be exercised only by a public official. Granted, but a municipal fireman is an employee and not a public official. Moreover, under the act the civil service commission recommends the three applicants most meritorious in its opinion and the mayor then appoints one of the three.

2. The eighteenth section of the act is as follows:

"All paid firemen in cities or municipalities under the provisions of this act who are employed by such cities or municipalities upon the date of the passage of this act shall be construed to have been appointed under the provisions of this act and shall hold their positions in accordance therewith: *Provided*, That the roster of said fire department is equally divided between the two great political parties. However, if fire departments are not now equally divided new members coming on shall be of the minority until this section is complied with."

The brief contends that since the section limits the firemen to "the two great political parties", it violates Article III, section 11 of the Constitution which forbids political tests as a prerequisite to the enjoyment of political rights. This contention is sound. The clear purpose of the entire act, however, except as stated in section 18 is to establish a non-partisan fire department. That purpose is specifically shown in section 14. The rest of the Act is complete without section 18. Consequently, we are of opinion that section 18 can be discarded not only without loss to the remainder of the Act, but to its clarification.

3. The brief contends that there is not sufficient identification in section 2 of certain appointing bodies, i.e., the "local trade board", the "paid international association of fire fighters", and the "local chamber of commerce". The brief says, "so far as we know there may be dozens of organizations bearing the designated name". We cannot consider an hypothesis admittedly made without information. We must presume, until the contrary appears, that the designations of the appointing bodies were made advisedly by the legislature and that such bodies exist actually or potentially in our municipalities.

4. And finally, the brief contends that the public benefit to be derived from the Act is so remote that the relator, though a citizen of and property owner within the city of Charleston, has no right to maintain this proceeding. The Act is designed to increase the efficiency of the fire department. The public at large is generally interested in such increased efficiency, and the relator, as a property owner, is directly interested. An individual may maintain mandamus to compel

the performance of an official act in which the individual has a common interest with the public at large. *Payne* v. *Staunton,* 55 W. Va. 202, 46 S. E. 927.

The writ will accordingly issue.

*Writ awarded.*