J. H. HAMILTON *et al. v.* MAYOR AND COUNCIL OF THE CITY OF CHARLESTON

(No. 8245)

Submitted October 2, 1935. Decided October 22, 1935.

*Barnhart & Trotter,* for relators.
*Philip H. Hill* and *P. G. Meador,* for respondents.

WOODS, JUDGE:

J. H. Hamilton, R. L. Gay and W. T. Stone, as taxpayers, voters, residents and members of the fire department of the city of Charleston, seek, by mandamus, to require the mayor and the council of said city to provide, by proper ordinance, for the establishment and maintenance of a firemen's pension fund, in accordance with the provisions of Code 1931, chapter 8, article 6, as amended by chapter 69, Acts 1935, Regular Session of the Legislature.

The original Act (chapter 45, Acts 1917) authorized any municipality whose fire department was supported in whole or in part at public expense, upon declaration, by ordinance, of the necessity thereof, to establish a firemen's pension fund, and, in aid thereof, among other things, conferred upon said municipality the right to lay a levy, and to create a board of trustees to administer the fund. The establishment of such fund was discretionary with the council or other governing body. Section 10 of chapter 69 of the Acts of 1935, however, provided, among other things, that "the council or other governing body, *shall,* by ordinance provide for the establishment and maintenance of a firemen's pension or relief fund," etc.; section 13, that the board shall consist of the mayor or other chief executive officer of the municipal corporation and four members of, and chosen by, the fire department; and section 14, that "The council * * * shall levy annually * * * a tax not exceeding one cent on each one hundred dollars valuation * * *. The amount of tax to be levied if less than one cent provided for above *may be* fixed and determined by said board of trustees as aforesaid, and certified to the council or other governing body of such municipality. *Provided further,* That in any city or municipality of twenty thousand population or less the laying of the levy herein provided for shall be

within the discretion of the common council or other body of like power and duties in such city or municipality.''

In support of their petition, the relators take the position that the Legislature, by virtue of its almost unlimited power in the legislative field, has a right to direct the municipalities coming within the purview of Code 1931, 8-6, as amended, to provide for their firemen and lay a levy within the limits and in the manner therein provided. The right to the writ is challenged by the respondents on two grounds, namely, (1) that the establishment of a firemen's pension fund is a ''local matter,'' and therefore that the Legislature may not, under section 9, Article 10 of our Constitution, require municipal corporations affected thereby to lay an annual levy to maintain such fund; and (2) that the determination of the amount of levy may not be placed in the hands of the board of trustees provided for in the Act, because it is a non-official body, four of the members of which are to be chosen from and by the members of the local fire department, and also because of the individual interest which four of the members to be chosen will have in the fund.

''The rule in the majority of the jurisdictions is that the Legislature has power to require municipalities to pension their employees as firemen and policemen and raise the fund for the purpose.'' 6 McQuillin Municipal Corporations (2d Ed.), sec. 2582. This rule is founded on the theory that the duty to minimize conflagration within the State is a public one. The protection of the general public from loss of life and property through fires in congested centers must necessarily be of concern to the State at large. General supervision in this field, in view of the growing needs of a more complex social order, is as essential today as the maintenance of a proper health department. And this being so, the instant legislation is clearly not within the inhibition of section 9, Article 10, Constitution. It cannot be gainsaid that a judiciously administered pension fund, such as here provided, will prove a potent agency in securing and retaining the services of the most faithful and efficient class of men for service in the fire department in any municipality. That the law-makers recognize the maintenance of efficient fire departments to be

of interest to the State as a whole, and not merely to the individual municipality in which the same are located, is further evidenced by the enactment of chapter 60, Acts 1933, Regular Session, requiring the establishment of a "civil service commission" in all cities and incorporated towns in which any of the members are paid in whole or in part by the said municipality. In view of the public's concern in the regulation of fire-fighting bodies, we are of opinion that our Legislature has the right to require the creation of firemen's pension funds, and to require each municipality covered by the Act to lay a levy in support thereof. *Road Commission* v. *County Court*, 112 W. Va. 98, 163 S. E. 815; *Booten* v. *Pinson*, 77 W. Va. 412, 89 S. E. 985, L. R. A. 1917A, 1244.

Respondents' second proposition presents a more serious question. It will be noted that section 14, chapter 69, Acts 1935, invests the boards of trustees of pension or relief funds, in cities of over twenty thousand (which includes Charleston), with authority to fix and determine the amount of tax to be levied "if less than one cent." May the Legislature delegate such authority? We have held that firemen are mere employees. *Prichard* v. *DeVan*, 114 W. Va. 509, 172 S. E. 711. To place power in a board chosen from and by the firemen to perform the official duty of duly constituted municipal officers to determine the amount of the levy, is clearly in violation of section 2, Article 2, Constitution, which provides: "The powers of government reside in all the citizens of the State, and can be rightfully exercised only in accordance with their will and employment." The council, or other governing body, of an incorporated town or city is the natural levying body and the one invested with the right to determine the amount in any particular instance, where the same is not specifically set by statute. It is directly answerable to the electorate. Its members are in truth public officers. Mere employees are not included in such category. They answer to the council or other governing body. Four members of the board are to be chosen from and by the firemen. The other feature is that the trustees to be chosen will be individually interested in the size of the fund, and may act contrary to the best interests of the municipality upon whom the Legislature

has placed the burden of supplying a portion of the fund. This, in consideration of the fact that the firemen trustees provided for must answer only to the firemen, and not to the electorate or any official thereof, is contrary to the fundamental rules of justice.

In view of the foregoing situation, the machinery for a full operation of the fund is not possible in cities of over twenty thousand population, and since such is the case we are of opinion that relators do not show that clear right necessary to invoke mandamus. *State ex rel. Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662, 20 A. L. R. 1030.

*Writ denied.*