HARRY L. MATHEWS *v.* THE CITY OF CHARLESTON *et al.*

(No. 8534)

Submitted January 13, 1937. Decided January 26, 1937.

*W. H. Pettry,* for relator.

*Philip H. Hill* and *P. G. Meador,* for City of Charleston and D. Boone Dawson, Mayor.

*A. B. Hodges,* for Firemen's Civil Service Commission.

*A. J. Barnhart,* for interveners W. L. Goff and others.

HATCHER, JUDGE:

This is a proceeding in mandamus.

Acts 1933, Chapter 60, placed paid municipal fire departments under civil service. Section 18 of the chapter contained the only specific reference to the tenure of firemen then employed. That section declared that such firemen should hold their positions provided the roster of a fire department was equally divided between the two major political parties. Because of the political test, section 18 was held to be unconstitutional. See *Prichard* v. *DeVan,* 114 W. Va. 509, 172 S. E. 711. With that section thus eliminated from the act (Cooley, Const. Lim., 8th Ed., p. 382), the mayor of Charleston was advised that all positions held by firemen when the act was passed were thereby vacated. Whereupon, he informed the city's civil service commission that fifty-seven "technical vacancies" existed in the city fire department, nominated persons to fill the imputed vacancies, and requested the commission to certify those of the nominees who were qualified, so that he could appoint them until competitive examinations could be held. The commission determined that no such vacancies in fact existed, and denied the mayor's request. The petition herein would have the commission required to cooperate with the mayor in filling the alleged vacancies.

Section 9 of Chapter 60, Acts 1933, provides that the "appointing officer" (here the mayor) shall notify the commission of a vacancy in the service; but the pro-

vision manifestly refers to a vacancy in fact. No technical vacancy is defined and no power to declare one is conferred. The only changes in personnel directly referred to in the act are future ones. Section 1 provides that after the act becomes effective "no person shall be appointed, reinstated, promoted, or discharged" as a member of a paid fire department, except in manner set forth in the act. Since prospective changes and those only, are mentioned, the natural implication follows that no immediate changes were intended. *Expressio unius est exclusio alterius. Taylor* v. *Taylor,* 66 W. Va. 238, 66 S. E. 690, 19 Ann. Cas. 414. Furthermore, a wholesale discontinuance of existing firemen is not necessary to effectuate the act, and therefore, would be an injustice not countenanced by legitimate presumption. *Rider* v. *County Court,* 74 W. Va. 712, 721, 82 S. E. 1083. Particularly not, when the purposes of the act were to stabilize, not disrupt, fire departments; and to secure, not disturb, the tenure of efficient service therein. The public is interested in having fire departments constantly maintained. The interruption of their activities necessitated by even a temporary suspension of existing firemen, would be inimical to the public interests. When statutory construction depends solely on alternative presumptions, one occasioning both personal and public mischief, and the other avoiding both, the latter must be preferred. *Building & Loan Ass'n.* v. *Sohn,* 54 W. Va. 101, 112, 46 S. E. 222.

The peremptory writ is accordingly denied.

*Writ denied.*

On petition for rehearing:

Objection is made that in the foregoing opinion, we have made no mention of *Carpenter* v. *Kenova,* 114 W. Va. 628, 173 S. E. 272. In that case, certain firemen had been appointed for specific terms, and we held that their employment expired when their terms expired. That conclusion was the basis of decision and should have been carried into the syllabus. References in that opinion to the case of *Prichard* v. *DeVan* were unnecessary.