MAX D. KISNER, *et al., etc.*

*v.*

THE CITY OF FAIRMONT, *etc.*

(No. 14823)

Decided December 16, 1980.

*James A. Liotta*, J. *Scott Tharp* for appellants.

*George R. Higinbotham* for appellee.

PER CURIAM:

This appeal from a final order of the Circuit Court of Marion County challenges the circuit court's dismissal of the appellants' complaint seeking a declaratory judgment in regard to a municipal ordinance of the City of Fairmont.

The appellants are engaged in the business of contracting in the Fairmont, West Virginia area. Pursuant to the West Virginia Declaratory Judgments Act, *W.Va. Code*, 55-13-1 to 16, they filed a complaint challenging Municipal Ordinance No. 386 of the City of Fairmont. The pertinent section of the Declaratory Judgments Act provides as follows:

> Any person . . . whose rights, status or other legal relations are affected by a . . . municipal ordinance, . . . may have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder. *W.Va. Code*, 55-13-2.

The portion of the ordinance challenged by the appellants adopted the Building Officials and Code Administrators, (BOCA), Basic Building Code of 1970, together with any subsequent revisions issued by BOCA. The Basic Building Code contains provisions relating to the replacement of roofs, and appellants allege the City of Fairmont, through its city engineer, is currently interpreting Section 926.0 of the code to require a building permit for the replacement of more than 25% of the roof covering in any one period of twelve months. The failure to obtain a permit for the carrying out of any covered work is unlawful and is punished by a fine and/or imprisonment.

Appellants' challenge in the circuit court was based on the following grounds: The ordinance is unconstitutional as an improper delegation of the legislative power of the municipal council to a private body because it adopts all subsequent revisions and modifications of the code which are made by that private body. The adoption of all subsequent modifications is in violation of Section 2.13 of the City Charter of Fairmont which requires notice and a public hearing before the adoption of any substantial amendment to an ordinance. The defendants' interpretation of Section 926.0 of the code requiring a building permit

for the installation of 25% or more of the roof of any structure in a twelve-month period is erroneous because such repairs come within the meaning of ordinary repairs as set forth in Section 102.0 of the code and, therefore, are not subject to the permit requirement.

The circuit court, without citation of authority, held that the appellants "have no standing to litigate", dismissed the complaint, and denied their motion for a new trial, from which ruling this appeal was taken.

> The Declaratory Judgments Act, W.Va. Code § 55-13-12, provides that '[t]his article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to liberally construed and administered. *Shobe v. Latimer*, 162 W.Va. 779, 253 S.E.2d 54, 59 (1979).

The expression of legislative intent shapes the application of the Act, and in this case, as in others, it must be considered a starting point for any ruling on standing. Although *Shobe* did not deal with a challenge to a municipal ordinance, it did hold that:

> When significant interests are directly injured or adversely affected by governmental action, a person so injured has standing under the Uniform Declaratory Judgments Act, *W.Va. Code* § 55-13-1 *et seq.* [1941] to obtain a declaration of rights, status, or other legal relations. Syl. pt. 1, *Shobe v. Latimer*, 162 W.Va. 779, 253 S.E.2d 54 (1979).

*Shobe* also held in Syllabus Point 2 that "[f]or standing under the Declaratory Judgments Act, it is not essential that a party have a personal legal right or interest."

We believe the appellants have an interest sufficient to give them standing to challenge Ordinance No. 386. This is particularly true in relation to their assertion that the code is being erroneously interpreted. They have a significant economic interest in a proper interpretation of the code and its application to the conduct of their business. The fact that their interest is economic in no way precludes it from protection for it cannot be doubted this interest can be

adversely affected by an erroneous interpretation. *See, Farley v. State Road Commissioner,* 146 W.Va. 22, 119 S.E.2d 833 (1960).

The appellants assert not only an economic interest, but raise a constitutionally-based challenge and assert that the code violates a city ordinance requiring a public hearing and notice before amendment of ordinances, and so they raise matters that are intermingled with the public interest. The appellants and all members of the public have an interest in the constitutionality, regularity and validity of the municipal ordinances that govern their affairs. It is also apparent that the appellants and the public have a significant interest in any ordinance which relates to the safety of the structures in which they live and work. The Court has frequently recognized that the presence of a public interest is a factor favorable to an award of standing. *See, Walls v. Miller,* 162 W.Va. 563, 251 S.E.2d 491 (1978 (Miller, J. concurring); *State ex rel. Brotherton v. Moore,* 159 W.Va. 934, 230 S.E.2d 638 (1976); *State ex rel. W. Va. Lodge, Fraternal Order of Police v. City of Charleston,* 133 W.Va. 420, 56 S.E.2d 763 (1949); *Prichard v. DeVan,* 114 W.Va. 509, 172 S.E. 711 (1934); *State ex rel. Matheny v. County Court of Wyoming County,* 47 W.Va. 672, 35 S.E. 959 (1900). *See also, Shobe, supra.* The remedial nature of the Declaratory Judgments Act and the presence of significant public interests in the matter at hand require resolution in favor of a present adjudication.

The appellees erroneously assert, as did the trial court, that these appellants have no standing to bring this challenge because it is the property owner and not the contractor who is obligated to obtain a building permit and who is subject to penalties for the failure to do so. The general provisions of the code regarding permits, in Section A, make "[t]he obtaining of building permits . . . the joint responsibility of the owner of the real estate . . . and the persons performing work, and both shall be jointly liable for the accuracy of the information provided . . . ." Contractors and owners are subject to criminal penalties for failure to comply with the provisions of the ordinance.

The appellees further assert that the appellants are not at the present time subjected to any criminal action under the ordinance, and that any such action is speculative and contingent and therefore negates appellants' standing. In *Farley v. State Road Commissioner, supra* at 31, 119 S.E.2d at 839, we stated: "It would not be consonant with the spirit, intent and purpose of the declaratory judgment statutes to have required the plaintiff . . . to violate the statute and to be arrested in order to have a determination of his rights, duties and responsibilities under the statute." We also quoted with approval 26 C.J.S. *Declaratory Judgments* § 45 at 129: "So, a plaintiff is not required to violate a penal statute as a condition of having it construed in a proceeding for a declaratory judgment." *Id,* at 30, 119 S.E.2d at 838.

We hold that under the West Virginia Declaratory Judgments Act, *W.Va. Code* 55-13-1 to 16, the appellants have standing to challenge the validity and interpretation of Municipal Ordinance No. 386 of the City of Fairmont, and accordingly the Circuit Court of Marion County committed an error of law to the appellants prejudice when it concluded they lacked standing and dismissed their complaint on this ground.

The final judgment of the Circuit Court of Marion County is reversed and the case is remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*