UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-2054
(CA-99-339-A)

Alan M. Grayson, etc., et al.,

Plaintiffs - Appellants,

versus

Advanced Management Technology, Inc.,

Defendant - Appellee.

O R D E R

The court amends its opinion filed August 3, 2000, as follows:

On page 2, section 1 -- the counsel information is deleted, and is replaced with the following:

**ARGUED:** Daniel Sean Schumack, SCHUMACK RYALS, P.L.L.C., Fairfax City, Virginia, for Appellants. Efrem M. Grail, REED, SMITH, SHAW & MCCLAY, L.L.P., Pittsburgh, Pennsylvania, for Appellee. **ON BRIEF:** L. James D'Agostino, REED, SMITH, HAZEL & THOMAS, L.L.P., McLean, Virginia, for Appellee.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALAN M. GRAYSON, United States ex
rel.; IRA E. HOFFMAN, United States
ex rel.,
Plaintiffs-Appellants,

v.

ADVANCED MANAGEMENT
TECHNOLOGY, INCORPORATED,                    No. 99-2054
Defendant-Appellee,

and

UNITED STATES OF AMERICA;
GRAYSON & ASSOCIATES, P.C.;
CAMBER CORPORATION,
Parties in Interest.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-339-A)

Argued: June 5, 2000

Decided: August 3, 2000

Before NIEMEYER and LUTTIG, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by published opinion. Senior Judge Beezer wrote the opin-
ion, in which Judge Niemeyer and Judge Luttig joined.

**COUNSEL**

**ARGUED:** Daniel Sean Schumack, SCHUMACK
RYALS, P.L.L.C., Fairfax City, Virginia, for Appellants.
Efrem M. Grail, REED, SMITH, SHAW & MCCLAY,
L.L.P., Pittsburgh, Pennsylvania, for Appellee. **ON
BRIEF:** L. James D'Agostino, REED, SMITH, HAZEL
& THOMAS, L.L.P., McLean, Virginia, for Appellee.

_____

**OPINION**

BEEZER, Senior Circuit Judge:

Relators Alan Grayson and Ira Hoffman initiated this qui tam suit
on behalf of the United States against Advanced Management Tech-
nology, Inc. ("AMTI") under the False Claims Act, 31 U.S.C.
§§ 3729-3732. The district court concluded that section 3730(e)(4)'s
public disclosure bar deprived the court of subject matter jurisdiction
and dismissed the suit. We have jurisdiction pursuant to 28 U.S.C.
§ 1291. We affirm.

I

The Federal Aviation Administration ("FAA") awarded the Global
Positioning Systems Technical Assistance Contract to AMTI in May
1998. During contract negotiations, AMTI represented that its team
of "key personnel" would include technically qualified and experi-
enced employees of Overlook Systems Technologies, Inc.
("Overlook"). The inclusion of these employees in AMTI's proposal
distinguished AMTI's bid from those of the competing bidders.
AMTI, however, never secured Overlook's participation in the con-
tract's performance.

Two unsuccessful bidders, Camber Corporation and Information
Systems & Networks Corporation ("ISN") protested the contract
award before the FAA's Office of Dispute Resolution for Acquisi-

2

tions, alleging among other things that AMTI had obtained the contract through an improper "bait and switch" of its intended subcontractor, Overlook. The relators in this suit, Grayson and Hoffman, provided legal counsel to Camber Corporation during the administrative proceedings.

On September 3, 1998, the FAA sustained Camber Corporation's and ISN's protests, concluding that AMTI's misrepresentations regarding Overlook constituted an impermissible "bait and switch." The FAA ordered the contract procurement reopened but allowed AMTI's contract to remain in effect pending completion of the re-competition. Because the FAA determined that AMTI did not act with the actual intent to defraud the government, AMTI was permitted to re-compete for the contract.

II

Grayson and Hoffman, acting in their personal capacity, filed this qui tam suit in November 1998.* They alleged that AMTI's invoices for work performed under a contract secured through false statements constitute false claims for payment under the False Claims Act. See 31 U.S.C. § 3729; Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 786-88 (4th Cir. 1999). In addition, the relators noted that AMTI certified that it was in full compliance with the contract when it sought payment from the government. Grayson and Hoffman asserted that such a certification represented a false claim under the False Claims Act because AMTI materially breached the contract by not providing Overlook employees. See Harrison, 176 F.3d at 786-87.

The district court dismissed the suit, concluding that the public disclosure bar, 31 U.S.C. § 3730(e)(4), deprived the court of subject matter jurisdiction. We review the court's decision de novo. See Folio v. City of Clarksburg, West Virginia, 134 F.3d 1211, 1214 (4th Cir. 1998).

Section 3730(e)(4)(A) states:

_____

* The Government declined to intervene. See 31 U.S.C. § 3730(b)(2).

3

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

Dismissal of this suit was proper if the qui tam complaint was 1) "based upon" information 2) that was "publicly disclosed" and 3) Grayson and Hoffman were not the "original source" of this information. See United States ex rel. Siller v. Becton Dickinson & Co., 21 F.3d 1339, 1346-47 (4th Cir. 1994).

We have interpreted "based upon" to be synonymous with "derived from." See Siller, 21 F.3d at 1349. The district court determined that Grayson and Hoffman derived the allegations underlying their qui tam suit from ISN's administrative complaint lodged on June 22, 1998. As counsel for Camber Corporation, Grayson and Hoffman filed a supplemental protest with the FAA on July 2, 1998, reciting the "bait and switch" theory. In the protest on behalf of their clients, Grayson and Hoffman explicitly stated that they "first learned about the bases for [their] supplemental protest on June 29, 1998. On that date Camber first received a copy of the protest filed by Information Systems & Networks Corp." The allegations in Grayson and Hoffman's False Claims Act suit were based upon ISN's protest to the FAA.

The question remains whether ISN's complaint filed with the FAA constitutes a "public disclosure." To be publicly disclosed, the information must be conveyed "in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media." 31 U.S.C. § 3730(e)(4)(A). We have previously held that a "civil hearing" encompasses the filing of a civil complaint and that allegations contained in such a complaint are "publicly disclosed" for purposes of section 3730(e)(4)(A). See Siller, 21 F.3d at 1350. We also construe "administrative hearing" to include the filing of an administrative complaint. Where, as in this case, the filing was not

4

under seal and the document was available upon request to the FAA, the allegations contained in ISN's agency protest were publicly disclosed.

Grayson and Hoffman may still bring a False Claims Act suit based upon publicly disclosed information provided that they are an "original source" of this material. They are an "original source" if they have "direct and independent knowledge of the information on which the allegations are based and ha[ve] voluntarily provided the information to the Government before filing [suit]." 31 U.S.C. § 3730(e)(4)(B). "A putative relator's knowledge is `direct' if he acquired it through his own efforts, without an intervening agency, and it is `independent' if the knowledge is not dependent on public disclosure." United States ex rel. Detrick v. Daniel F. Young, Inc., 909 F. Supp. 1010, 1016 (E.D. Va. 1995) (citing United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 656 (D.C. Cir. 1994)).

Grayson and Hoffman have not demonstrated that they had independent and direct knowledge of the "bait and switch" allegations contained in ISN's administrative protest. Grayson and Hoffman, acting as attorneys for Camber Corporation, at best verified ISN's information. Such conduct is insufficient to render Grayson and Hoffman original sources. See United States ex rel. Devlin v. California, 84 F.3d 358, 361 (9th Cir. 1996) (concluding that relators were not original source even though they conducted independent investigation to verify knowledge). Grayson and Hoffman do not become "original sources" due to their "specialized" experience as government contract lawyers. See Quinn, 14 F.3d at 655.

Grayson and Hoffman based their qui tam suit on publicly disclosed information contained in ISN's administrative complaint. Because the two relators were not original sources of this information, section 3730(e)(4)'s public disclosure bar applies. The district court properly dismissed the suit for lack of subject matter jurisdiction.

AFFIRMED

5