Wesley Doyle **PAYNE**, Plaintiff,

v.

**WYETH PHARMACEUTICALS, INC.**, Defendant.

**Civil Action No. 2:08CV119.**

United States District Court,
E.D. Virginia.
Norfolk Division.

Nov. 21, 2008.

Carlton F. Bennett, Craig Stewart Gill, Jr., Bennett & Zydron, PC, Virginia Beach, VA, for Plaintiff.

Robert Francis Redmond, Jr., Brendan David O'Toole, Williams Mullen, Richmond, VA, Linda S. Laibstain, Williams, Mullen, Hofheimer, Nusbaum, Norfolk, VA, Robert Henry Burger, Williams Mullen, Virginia Beach, VA, for Defendant.

## MEMORANDUM ORDER

RAYMOND A. JACKSON, District Judge.

Before the Court is Defendant's Motion to Limit Damages. This matter has been fully briefed and is ripe for judicial determination.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 8, 2007, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia. On October 23, 2007, Plaintiff filed a list of schedules detailing his assets and liabilities, where he listed this personal injury claim as an asset valued at $1 million and claimed it as exempt. On March 10, 2008, Plaintiff filed the instant lawsuit, seeking $25 million in damages. On April 7, 2008, the Bankruptcy Court discharged Plaintiff's debt.

On September 29, 2008, Defendant filed the instant motion, arguing that Plaintiff's damages should be limited to $1 million under the doctrine of judicial estoppel. Plaintiff responded on October 6, 2008, and Defendant replied on October 14, 2008.

### II. LEGAL STANDARD

█ The doctrine of judicial estoppel is intended to protect the integrity of the courts and to prevent litigants from playing "fast and loose" with the judicial system. *New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The United States Court of Appeals for the Fourth Circuit ("Fourth

Circuit") has stated that four elements are necessary for the Court to estop a party from taking inconsistent positions:

1. The party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation;

2. the position must be one of fact instead of law;

3. the prior position must have been accepted by the court in the first proceeding; and

4. the party to be estopped must have acted intentionally, not inadvertently.

*Folio v. City of Clarksburg,* 134 F.3d 1211, 1217–18 (4th Cir.1998) (citing *Lowery v. Stovall,* 92 F.3d 219, 224 (4th Cir.1996), *cert. denied,* 519 U.S. 1113, 117 S.Ct. 954, 136 L.Ed.2d 841 (1997)).

### III. DISCUSSION

■ Defendant argues that Plaintiff should be judicially estopped from seeking damages exceeding $1 million from Defendant, where Plaintiff declared the value of his claim as $1 million in the bankruptcy court and never amended his schedules to reflect his belief that his claim was worth more. (Def's Mem. Supp., 2.) Defendant argues that Plaintiff advances a position in this Court that is inconsistent with the position he took in Bankruptcy Court; that the value assigned to the personal injury claim is a question of fact, since damages would be decided by the jury; that the Bankruptcy Court accepted and relied on the Plaintiff's representation of his $1 million valuation before agreeing to discharge the debt; and that Plaintiff intentionally represented the value of his claim before the Bankruptcy Court, as he certified under penalty of perjury that the claim was "true and accurate" and as he filed the complaint in this action before his debt was discharged. (Def's Mem. Supp., 3–4.) Defendant argues that Plaintiff has played "fast and loose" with the Court by improperly taking inconsistent positions to derive benefits from both. (Def's Mem. Supp., 4.)

Plaintiff offers three arguments in defense: (1) that Plaintiff's personal injury claim was exempt from creditor process under Virginia law and therefore could not be administered by the bankruptcy trustee; (2) that Plaintiff was scheduled to received his discharge in January 2008 but did not receive it until April 2008 due to administrative delay; and (3) that Plaintiff did not attempt to hide or misrepresent his claim but did in fact disclose it on his bankruptcy schedules. (Pl's Mem. Opp., 3–4.)

Defendant contends that Plaintiff's claim is not exempt from *secured* creditors, and that Plaintiff identified seven secured creditors in his bankruptcy schedule (Def's Rep., 2.) Therefore, valuing the personal injury claim at $1 million directly prejudiced the secured creditors' rights and was relied on by the Bankruptcy Court. (Def's Rep., 2.) Defendant further argues that whether Plaintiff's claim qualifies for an exemption is irrelevant, because the doctrine of judicial estoppel is designed to protect the integrity of the *courts* rather than the interests of creditors. (Def's Rep., 3.) Plaintiff's disclosure obligation was to the Bankruptcy Court, and Plaintiff intentionally misrepresented his claim to the Bankruptcy Court. (Def's Rep., 3–4.)

In the bankruptcy context, the doctrine of judicial estoppel is intended to protect the integrity of courts, not to punish adversaries or to protect litigants. *See In re Coastal Plains,* 179 F.3d 197, 213 (5th Cir.1999); *RTC Mortgage Trust v. McMahon,* 225 B.R. 604, 608 (E.D.Va.1997). Courts have held that where a debtor fails to list a potential claim on the debtor's bankruptcy petition, and fails to amend the petition when the claim becomes known, the first three *Folio* elements are general-

ly met. *See Calafiore v. Werner Enterprises, Inc.,* 418 F.Supp.2d 795, 797–98 (D.Md.2006). The fourth factor—whether the litigant intentionally misled the court to gain unfair advantage—is the determinative factor in the application of judicial estoppel to a particular case. *See id.; Lowery,* 92 F.3d at 223. Failure to disclose a potential claim could be deemed inadvertent where the litigant "lacked a motive for concealment," which turns on the particular state's bankruptcy exemption for personal injury compensation. *See Calafiore,* 418 F.Supp.2d at 799.

In this case, the Court finds that the first three *Folio* factors have been met. Plaintiff is clearly advancing a position in this Court—that he is entitled to $25 million in damages, which is inconsistent with the position he took in Bankruptcy Court—that his claim was worth only $1 million. Second, the value of Plaintiff's claim is a question of fact, as the jury will decide the appropriate amount of damages. Third, the Bankruptcy Court clearly relied upon Plaintiff's representations made on the bankruptcy schedules, including Plaintiff's representation of his $1 million valuation, before agreeing to discharge Plaintiff's debt. The fourth factor presents a more challenging question for the Court.

The Court finds that this case is distinguishable from cases where the party against whom judicial estoppel has been invoked has completely failed to disclose a potential claim in any way. In this case, Plaintiff did disclose his potential personal injury claim to the Bankruptcy Court. Therefore, the Bankruptcy Court and Plaintiff's creditors had notice of Plaintiff's claim. Courts in other circuits have held that judicial estoppel does not apply where the debtor-plaintiff has listed the potential lawsuit on the bankruptcy schedules, even if said lawsuit was listed at a substantially lower value than that sought in a later proceeding. *See, e.g., Myers v. Dolgen-*

*corp, Inc.,* No. 05–1419, 2006 WL 3290475, at *5 (W.D.La. Nov. 13, 2006); *Delaney v. Wal–Mart Stores, Inc.,* 408 F.Supp.2d 240, 244 (N.D.Miss.2005).

On the other hand, Plaintiff's bankruptcy case was still *pending* when Plaintiff filed the instant lawsuit, and Plaintiff did not amend the bankruptcy schedules. Plaintiff has indicated that he expected his discharge in January 2008, which was prior to the time he filed this civil action. It appears to the Court that Plaintiff is arguing that the apparent administrative delay absolved Plaintiff of any duty to amend the schedules, but Plaintiff cites no case law or any other legal support for this argument. The Court does not find this argument persuasive.

Thus, in deciding whether Plaintiff intentionally misled the Court by failing to amend his bankruptcy schedules, the Court examines Virginia's bankruptcy exemption for personal injury compensation to determine whether Plaintiff had a motive for concealment. *See Calafiore,* 418 F.Supp.2d at 799. Plaintiff argues that because any damages he receives for personal injury in this case would have been exempt in his bankruptcy case, he lacked any motive to conceal that claim. (Pl's Mem. Opp., 2.) Plaintiff further argues that his discharge was not based on the amount of his personal injury exemption, since it could not be administered by the bankruptcy trustee. (Pl's Mem. Opp., 2–4.)

Under Virginia law, proceeds derived from personal injury actions are exempt from creditor process. Va.Code § 34–28.1. Virginia law defines "creditor process" as "all methods used by creditors to collect unsecured debts." *Id.* at 34–1. The exemption statute does not apply where the lienholder is secured. *See In re Carpenter,* 245 B.R. 39, 50 (Bankr.E.D.Va.2000). If any portion of Plaintiff's plea for dam-

ages falls into nonexempt categories, Plaintiff did have a motive to conceal the true value of the claim from the Bankruptcy Court. *See Calafiore,* 418 F.Supp.2d at 799–800.

In the bankruptcy schedules, Plaintiff identified secured creditors holding approximately $762,000 in secured debt against Plaintiff. (Ex. A to Pl's Mem. Opp. Mot. Exclude Med. Bills, 11, 18–19.) Plaintiff's unsecured debt amounted to approximately $534,000. (Ex. A to Pl's Mem. Opp. Mot. Exclude Med. Bills, 11, 20–33.) Since the secured creditors would have been able to collect on any award or settlement recovered by Plaintiff in this case, Plaintiff clearly had a motive for concealment when valuing his claim and/or failing to amend after he had filed this lawsuit. Accordingly, the Court finds that all four *Folio* factors have been met and that judicially estopping Plaintiff from seeking $25 million in damages is appropriate.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to judicially estop Plaintiff from seeking more than $1 million in damages is **GRANTED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**