**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6786**

_____

JOHN SCOTT HUDSON,

           Plaintiff - Appellant,

    v.

N. SAINE; NORTH CAROLINA DEPARTMENT OF REVENUE; MS. STRICKLAND,

           Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:19-ct-03380-M)

_____

Submitted:  October 13, 2022                          Decided:  November 7, 2023

_____

Before GREGORY and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

John Scott Hudson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Scott Hudson appeals the district court's order dismissing his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction and failure to state a claim. We affirm.

We review de novo the dismissal of an action under § 1915(e)(2)(B) for failure to state a claim, accepting as true all well-pleaded allegations in the plaintiff's complaint and applying the same standards applicable in reviewing a Fed. R. Civ. P. 12(b)(6) dismissal. *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (requiring "factual allegations that raise a right to relief above the speculative level" (internal quotation marks omitted)). Likewise, we review de novo a district court's dismissal for lack of subject matter jurisdiction. *Snyder's-Lance, Inc. v. Frito-Lay N. Am., Inc.*, 991 F.3d 512, 516 (4th Cir. 2021). When determining jurisdiction from the face of the complaint, "[w]e accept the facts of the complaint as true as we would in context of a Rule 12(b)(6) challenge." *See Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018).

We have reviewed the district court's order and find no reversible error in the district court's dismissal of Hudson's First Amendment retaliation claim for failure to state a claim. *See Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (detailing elements of claim); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) (describing causation requirement). We also find no reversible error in the

district court's dismissal of Hudson's Fourth Amendment, Eighth Amendment, and due process claims as jurisdictionally barred. *See Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 301-02 (4th Cir. 2000) (discussing Tax Injunction Act and related comity principle)[*]; *Folio v. City of Clarksburg*, 134 F.3d 1211, 1214 (4th Cir. 1998) (defining "plain, speedy and efficient" remedy); *see also* N.C. Gen. Stat. §§ 105-241.7, 105-241.11 to 105-241.17 (providing mechanism for obtaining review of improper assessment and collection of taxes). Because the latter claims were dismissed for lack of subject matter jurisdiction, however, they were subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

Accordingly, we affirm the district court's order, as modified to reflect a dismissal of Hudson's Fourth Amendment, Eighth Amendment, and due process claims without prejudice. *See* 28 U.S.C. § 2106. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

---

[*] Although the district court did not address the comity principle, we may "affirm a judgment for any reason appearing on the record, notwithstanding that the reason was not addressed below." *Earle v. Shreves*, 990 F.3d 774, 781 n.3 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 358 (2021); *see also Gwozdz v. HealthPort Techs., LLC*, 846 F.3d 738, 743 (4th Cir. 2017) (describing comity principle's jurisdictional bar to claims for damages that challenge state taxation).