**JOHN S. CLARK COMPANY,**
Plaintiff–Appellant,

v.

**FAGGERT & FRIEDEN, P.C.,**
Defendant–Appellee.

No. 94–2255.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1995.

Decided Sept. 18, 1995.

**ARGUED:** Steven Scott Biss, Maloney, Yeatts & Barr, P.C., Richmond, VA, for appellant. Reeves Watkins Mahoney, Huff, Poole & Mahoney, P.C., Virginia Beach, VA, for appellee. **ON BRIEF:** Daniel A. Gecker, Maloney, Yeatts & Barr, P.C., Richmond, VA, for appellant. Timothy M. Richardson, Huff, Poole & Mahoney, P.C., Virginia Beach, VA, for appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, WILKINS, Circuit Judge, and BUTZNER, Senior Circuit Judge.

Reversed and remanded by published opinion. Senior Judge BUTZNER wrote the opinion, in which Justice POWELL and Judge WILKINS joined.

## OPINION

BUTZNER, Senior Circuit Judge:

John S. Clark Company appeals the judgment of the district court that dismissed its action on the ground of judicial estoppel. We believe that dismissal on this basis is improper when the facts alleged to have prompted a prior, inconsistent position are in dispute. We reverse and remand the case for trial.

I

Clark, a Florida construction company with its principal place of business in North Carolina, contracted with Walker & Walker, a Virginia partnership, to build a shopping center in Virginia. After Walker & Walker failed to pay Clark the full amount due, Clark hired Faggert & Frieden, a Virginia law firm, to file a mechanic's lien to protect its interests. Faggert & Frieden filed the lien on April 20, 1990. When Clark brought suit in state court, represented by another law firm, to enforce the lien against Walker & Walker, the judge found that the lien had not been filed within 90 days after the completion of the construction project on January 19, 1990, as required by Va.Code Ann. 43–4. Accordingly, the state court rendered judgment in favor of Walker & Walker and dismissed Clark's suit.

Based on diversity jurisdiction, Clark sued Faggert & Frieden in federal district court for professional malpractice and breach of contract, alleging that Faggert & Frieden failed to file the mechanic's lien in a timely manner. Faggert & Frieden moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). It claimed that the doctrine of judicial estoppel precluded Clark from maintaining this action. Specifically, Faggert & Frieden argued that Clark's factual allegations in the present suit were in direct conflict with its testimony in state court.

State court records, which the district court judicially noticed, show that Clark's employees testified to a completion date of January 23, 1990. In the present case, however, Clark's complaint alleges that it "provided [Faggert & Frieden] with all information required to complete the mechanic's lien,

including the fact that January 19, 1990 was the last day work was done."

Clark submitted the affidavit of its chief financial officer, Monty K. Venable, to explain why the evidence in the state court about the completion of the project differs from the allegations of Clark's complaint. According to Venable, he prepared a lien worksheet to aid in the filing of the mechanic's lien. This worksheet listed January 19, 1990 as the last day work was done on the site. Venable reportedly informed Faggert & Frieden that "Clark still had an employee working on the [site] the last week of January, 1990; but that the work being done at the site was only of a remedial or punchlist nature." Venable explained that he knew punchlist work did not count in North Carolina in computing the time for filing a mechanic's lien but he did not know the law in Virginia. He declared that "[i]n this regard, Clark relied exclusively upon [Faggert & Frieden] to ensure that the lien was timely filed." When Faggert & Frieden filed the lien on April 20, 1990, Venable declared that he had the following conversation with an attorney from Faggert & Frieden:

> I stated that, in my view, F & F was "playing with fire." Ninety (90) days from January 19, 1990 was April 19, 1990—not April 20, 1990. I was concerned that F & F was filing the lien one day after it should have been filed.
>
> F & F said, "you're o.k." F & F assured me that the filing on April 20, 1990 was timely. F & F said that as long as Clark was working on site, it was "o.k." Based upon F & F's advice, I no longer relied upon January 19, 1990, which was the date contained on the lien worksheet.

Faggert & Frieden's description of the events leading up to the filing of the mechanic's lien is quite different. In his affidavit, a partner at Faggert & Frieden stated that he spoke with Venable on April 19, 1990.

> Mr. Venable assured me that the last work for which the lien was claimed was January 21, 1990, that contract work, as distinguished from punch-list work, was not completed at the Project on January 21, 1990 and that contract work was actually ongoing at the time of our conversation.
>
> * * *
>
> Mr. Venable never expressed any doubt about the accuracy of the January 21, 1990 date or any discomfort with filing the Mechanic's Lien on April 20, 1990 in reliance upon the January 21, 1990 date.

In short, each party, supported by affidavits, insists that the other was at fault. Clark argues that judicial estoppel is inapplicable because of Faggert & Frieden's conduct. Faggert & Frieden argues that its relationship with Clark has no bearing on the applicability of judicial estoppel. It asserts that Clark was in the best position to know when it completed work and that Clark offered sworn testimony, while represented by separate counsel, to support the completion date of January 19, 1990. In addition to these arguments, both parties extensively briefed the elements of judicial estoppel, but we find it unnecessary to decide all of their conflicting views of the doctrine.

The district court, adopting a magistrate judge's recommendation, held that Clark's suit was defeated by judicial estoppel. In agreement with the recommendations, it ruled that Clark's "motivations for its position in the enforcement action had no bearing on whether or not judicial estoppel was applicable." The district court sustained the magistrate judge's exclusion of the affidavits and exhibits submitted by the parties, other than the record of the proceedings in the state court. The district court reasoned that Clark knew better than Faggert & Frieden when it completed the work on the project. It held: "Even if Clark's version of the disputed facts is taken as true, the Court believes that F & F's conduct would not bear upon the question whether judicial estoppel is applicable in this case." The district court found that Faggert & Frieden had proved all the elements of judicial estoppel and dismissed Clark's action.

## II

Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. *Unit-*

ed *Virginia Bank v. B.F. Saul Real Estate Investment Trust,* 641 F.2d 185, 190 (4th Cir.1981). The purpose of the doctrine is to prevent a party "from playing 'fast and loose' with the courts, and to protect the essential integrity of the judicial process." *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir.1982). Even so, courts must apply the doctrine with caution. *Allen,* 667 F.2d at 1167. The "determinative factor" in the application of judicial estoppel is whether the party who is alleged to be estopped "intentionally misled the court to gain unfair advantage." *Tenneco Chemicals v. William Burnett & Co.,* 691 F.2d 658, 665 (4th Cir. 1982). The vice which judicial estoppel prevents is the cold manipulation of the courts to the detriment of the public interest. It is inappropriate, therefore, to apply the doctrine when a party's prior position was based on inadvertence or mistake. *Johnson Service Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 175 (5th Cir.1973); *accord Konstantinidis v. Chen,* 626 F.2d 933, 939 (D.C.Cir.1980).

According to Venable, Clark derived its prior position on the completion date from consultation with Faggert & Frieden. Whether this is so depends largely on the credibility of the participants. Given this explanation, it is not clear that Clark had the intent to mislead which is required to invoke judicial estoppel. *See Tenneco Chemicals,* 691 F.2d at 665. Inasmuch as the factual dispute between the parties should be resolved by a jury, we remand the case for trial.

*REVERSED AND REMANDED.*