**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2276**

———————

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, INCORPORATED,

                                  Plaintiff - Appellant,

       versus

MANUFACTURERS AND TRADERS TRUST COMPANY,
formerly known as Allfirst Bank; SUNTRUST
BANKS, INCORPORATED,

                                  Defendants - Appellees.

------------------------------------------------

AMERICAN BANKERS ASSOCIATION; MARYLAND BANKERS
ASSOCIATION,

                               Amici Supporting Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (CA-01-1591-WNM-1)

———————

Argued: February 1, 2005            Decided:  March 23, 2005

———————

Before LUTTIG, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.  Judge Shedd wrote a
concurring opinion.

———————

**ARGUED:** Robert William Ludwig, Jr., LUDWIG & ROBINSON, P.L.L.C.,
Washington, D.C., for Appellant.  Matthew Scott Sturtz, MILES &
STOCKBRIDGE, P.C., Towson, Maryland; Brian L. Moffet, GORDON,

FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, Baltimore, Maryland, for Appellees. **ON BRIEF:** Dennis P. McGlone, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, Baltimore, Maryland, for Appellee SunTrust Bank. C. Dawn Causey, John J. Gill, AMERICAN BANKERS ASSOCIATION, Washington, D.C., for Amici Supporting Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Plaintiff-appellant National Union Fire Insurance Co. ("National Union") filed this diversity suit against defendants-appellees Allfirst Bank and SunTrust Bank,* alleging state-law claims arising from the banks' acceptance for deposit of checks issued by National Union's subrogor. The district court granted summary judgment in favor of the defendants on all claims, and we affirm.

I.

This action arises from a fraudulent scheme perpetrated by a former employee of the accounts payable department of Kaiser Foundation Health Plan of the Mid-Atlantic States ("Kaiser"). By submitting fraudulent invoices for services never rendered, the employee induced Kaiser to pay out fifteen checks for large sums to three payees -- "Not Just Computers," "Yates Technology, Inc.," and "Moffat Sales Corp." J.A. 323-24. The defendant banks accepted these checks for deposit into accounts in the names of the three payees. J.A. 323-24. Upon discovery of the fraudulent scheme in August 2000, Kaiser brought two Maryland state court actions against the three payees and obtained judgments against them in the full amount of the issued checks. J.A. 325, 342. Kaiser also filed a

---

* Two other defendant banks were dismissed for lack of subject matter jurisdiction.

-3-

claim with its insurer, National Union, which fully compensated Kaiser for its losses from the fraudulent scheme. National Union subsequently filed this subrogation action in the district court, bringing claims against the banks for statutory negligence in violation of sections 3-404, 3-405, and 3-406 of the Maryland Commercial Code; for "money had and received" under Maryland common law; for conversion; and for breach of restrictive indorsement. J.A. 292-303. The district court granted summary judgment for the defendants on all claims.

## II.

In granting summary judgment for the defendants, the district court held inter alia that National Union was judicially estopped from alleging that the three payees were "fictitious entities" under section 3-404(b) of the Maryland Commercial Code. Because judicial estoppel is an equitable doctrine that falls within the district court's discretion, we review the district court's decision to apply judicial estoppel for abuse of discretion. King v. Herbert J. Thomas Mem. Hosp., 159 F.3d 192, 196, 198 (4th Cir. 1998) ("As an equitable doctrine, judicial estoppel is invoked in the discretion of the district court . . . . [W]e conclude that the district court was well within its discretion in applying judicial estoppel . . . .").

In support of its statutory negligence claims under section 3-404(b), National Union contends that the three payees of the Kaiser checks were "fictitious persons." <u>See</u> Md. Code, Com. Law I, § 3-404(b)(ii) (allowing for recovery in cases where "the person identified as payee of an instrument is a fictitious person"). The district court held that National Union is judicially estopped from asserting this theory, because its subrogor Kaiser affirmatively pled in the two state court actions that the three payees were real entities and secured judgments against them thereby. J.A. 340-46.

We hold that the district court did not abuse its discretion in applying judicial estoppel to prevent National Union from arguing that the three payees were fictitious persons. The doctrine of judicial estoppel has three necessary elements:

> (1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.

<u>King</u>, 159 F.3d at 196. But "judicial estoppel will not be applied where the party's inconsistent positions resulted from inadvertence or mistake." <u>Id</u>. Here, it is evident that the position taken by Kaiser in the two state court actions -- namely that the three payees were real entities amenable to judicial process and judgment -- is "factually incompatible" with National Union's current claim that the three payees were "fictitious persons." And the state

-5-

courts accepted the prior inconsistent position, because they rendered judgments against all three payees.  See J.A. 305, 441.

Moreover, the district court did not abuse its discretion in determining that National Union is now taking the subsequent inconsistent position "intentionally for the purpose of gaining unfair advantage," rather than as a result of "inadvertence or mistake."  As the district court noted, Kaiser consistently alleged that the payees were real entities in the state court, after significant investigation and across multiple amendments to the complaints.  See J.A. 343-35 ("[N]one of these judgments were . . . the inadvertent result of Kaiser's hasty assumptions formed only days after discovering the fraud.  They came as a result of a deliberate and lengthy course of conduct in litigation.").  In addition, the record shows that Kaiser's investigation uncovered evidence of the real existence of all three payees.  See J.A. 343 (Kaiser's investigation concluded that Not Just Computers was a real computer business owned and operated in the District of Columbia); J.A. 339 (National Union acknowledged that Yates Technology, Inc. is an entity validly incorporated in the Bahamas); J.A. 389 (Kaiser alleged that "Moffat Sales is doing business at 1207 Nova Avenue, Suite 1, Capitol Heights, Maryland").  Moreover, as subrogee of Kaiser, National Union holds enforceable judgments against all three payees in the full amount of the Kaiser checks, raising the possibility of double recovery on inconsistent factual theories,

-6-

which renders judicial estoppel particularly appropriate. <u>See</u> <u>King</u>, 159 F.3d at 198 ("To allow King to obtain benefits from two sources based on two incompatible positions, simply because the positions aid her claims for remuneration, would reduce truth to a mere financial convenience and would undermine the integrity of the judicial process.").

### III.

In regard to National Union's other arguments in favor of its claims under sections 3-404 and 3-405, as well as its other claims based on section 3-406, on "money had and received," on common law conversion, and on breach of restrictive indorsement, we have reviewed the record thoroughly and found no reversible error. As to these claims, we affirm on the reasoning of the district court.

### CONCLUSION

For the reasons stated herein, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

SHEDD, Circuit Judge, concurring:

Although I agree with the majority that summary judgment was proper on all of National Union's claims, I follow a different rationale on the fictitious payee claim under MD. CODE ANN, COM. LAW § 3-404. While the majority bases its affirmance as to this claim on judicial estoppel, I would affirm because National Union has failed to present any evidence that the three corporations at issue were fictitious.

Judicial estoppel is an equitable doctrine that must be applied with caution, John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995), and should be reserved for those cases where it is necessary to "protect the essential integrity of the judicial process," Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982). Although the state court entered default judgments against the three corporations (and others), that court did not necessarily accept the allegations by National Union's predecessor concerning the named defendants' corporate status (or lack of status).[1] Whether the alleged corporations actually existed was not litigated or essential to the state court's judgment. See id. at 1167

---

[1]It is apparent from the state court records that it was immaterial to that court whether the named defendants actually existed. For example, National Union's predecessor alleged that Just Computers is "not a corporation, and may be a trade name or alter ego for Not Just Computers." J.A. 400. Even though Just Computers was not alleged to have any recognizable status, the state court nevertheless entered default judgment against the nonentity Just Computers.

-8-

(stating that "the earlier assertion of a legally irrelevant, albeit inconsistent, position should seldom, if ever, lead to the application of judicial estoppel"). Accordingly, I am not convinced that the district court acted within its discretion in applying the equitable doctrine in this case.

I agree, however, that summary judgment should be affirmed, because National Union has failed to present evidence that the three corporations were fictitious, i.e., that the corporations did not actually exist. Although there is substantial evidence that the corporations were used as part of an intricate plot to defraud, there is no evidence in our record showing that the corporations did not exist.[2]

---

[2]Of the three corporations, whether there is evidence that Moffat Sales Corp. ("MSC") was a fictitious payee requires the closest review of the record. The Articles of Incorporation for MSC indicate that it is a District of Columbia corporation. In its brief, National Union represents that the District of Columbia has no record of MSC's existence. Although this representation suggests that the Articles of Incorporation are not legitimate and that MSC does not exist, National Union has failed to present any evidence to support its representation, even though it appears that the District of Columbia would provide such verification if requested. See J.A. 353 (D.C. Certification dated Feb. 12, 2003, verifying that D.C. received and accepted the Articles of Incorporation for Not Just Computers, Inc. in 1998).