SHEDD, Circuit Judge,
concurring.
Although I agree with the majority that summary judgment was proper on all of National Union’s claims, I follow a different rationale on the fictitious payee claim under Md.Code Ann, Com. Law § 3^04. While the majority bases its affirmance as to this claim on judicial estoppel, I would affirm because National Union has failed to present any evidence that the three corporations at issue were fictitious.
Judicial estoppel is an equitable doctrine that must be applied with caution, John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir.1995), and should be reserved for those cases where it is necessary to “protect the essential integrity of the judicial process,” Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir.1982). Although the state court entered default judgments against the three corporations (and others), that court did not necessarily accept the allegations by National Union’s predecessor concerning the named defendants’ corporate status (or lack of status).[1] Whether the alleged corporations actually existed was not litigated or essential to the state court’s judgment. See id. at 1167 (stating that “the earlier assertion of a legally irrelevant, albeit inconsistent, position should seldom, if ever, lead to the application of judicial estoppel”). Accordingly, I am not convinced that the district court acted within its discretion in applying the equitable doctrine in this case.
I agree, however, that summary judgment should be affirmed, because National Union has failed to present evidence that the three corporations were fictitious, i.e., that the corporations did not actually exist. Although there is substantial evidence that the corporations were used as part of an intricate plot to defraud, there is no evidence in our record showing that the corporations did not exist.[2]

. It is apparent from the state court records that it was immaterial to that court whether the named defendants actually existed. For example, National Union’s predecessor alleged that Just Computers is "not a corporation, and may be a trade name or alter ego for Not Just Computers.” J.A. 400. Even though Just Computers was not alleged to have any recognizable status, the state court nevertheless entered default judgment against the nonentity Just Computers.

. Of the three corporations, whether there is evidence that Moffat Sales Corp. ("MSC”) was a fictitious payee requires the closest review of the record. The Articles of Incorporation for MSC indicate that it is a District of Columbia corporation. In its brief, National Union represents that the District of Columbia has no record of MSC’s existence. Although this representation suggests that the Articles of Incorporation are not legitimate and that MSC does not exist, National Union has failed to present any evidence to support its representation, even though it appears that the District of Columbia would provide such verification if requested. See J.A. 353 (D.C. Certification dated Feb. 12, 2003, verifying that D.C. received and accepted the Articles of Incorporation for Not Just Computers, Inc. in 1998).