ACCEPTED
03-16-00259-CV
13047938
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/4/2016 11:45:25 AM
JEFFREY D. KYLE
CLERK

## NO. 03-16-00259-CV

## In the Court of Appeals

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/4/2016 3:16:25 PM
JEFFREY D. KYLE
Clerk

### For the Third Supreme Judicial District of Texas

### Austin, Texas

*JAMES BOONE*

### Plaintiff-Appellant

**v.**

*DAVID GUTIERREZ, CHAIRMAN,*
*TEXAS BOARD OF PARDONS AND PAROLES*

### Defendant-Appellee

### On Appeal from the 201ST Judicial District Court

### of Travis County Texas.

## BRIEF OF APPELLEE

| | |
|---|---|
| **KEN PAXTON** | **KAREN D. MATLOCK** |
| Attorney General of Texas | Chief, Law Enforcement Defense Division |
| | |
| **JEFFREY C. MATEER** | **CAROL M. GARCIA**\* |
| First Assistant Attorney General | Assistant Attorney General |
| | |
| **BRANTLEY STARR** | |
| Deputy First Assistant Attorney General | |
| | |
| **JAMES E. DAVIS** | P.O. Box 12548, Capitol Station |
| Deputy Attorney General for | Austin, Texas 78711 |
| Civil Litigation | (512) 463-2080 |
| | (512) 936-2109 |

### ATTORNEYS FOR DEFENDANT-APPELLEE

**\*Attorney of Record**
**Oral Argument Waived**

i

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in Rule 38.1(a) of the Texas Rules of Appellate Procedure have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

### A. Parties

|                        |                                                                                                                                                                                                           |
| ---------------------- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| **Plaintiff-Appellant:** | James Boone, TDCJ-ID# 658981<br>Ellis Unit<br>1697 FM 980<br>Huntsville, Texas 77343<br>*Pro Se*                                                                                                          |
| **Defendant-Appellee:** | David Gutierrez, Presiding Chair,<br>Texas Board of Pardons and Paroles<br>Attn: Bettie Wells, General Counsel<br>Price Daniel, Sr. Bldg.<br>209 West 14th St., Suite 500<br>Austin, Texas                 |

### B. Attorneys

|                   |                                                                                                                                                                                       |
| ----------------- | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| **For Appellant:** | James Boone, TDCJ-ID# 658981<br>Ellis Unit<br>1697 FM 980<br>Huntsville, Texas 77343<br>*Pro Se*                                                                                   |
| **For Appellee:** | Carol M. Garcia, Assistant Attorney General<br>Office of the Attorney General, State of Texas<br>Law Enforcement Defense Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711 |

*/s/ Carol M. Garcia*
**CAROL M. GARCIA**
Assistant Attorney General

# TABLE OF CONTENTS

PAGE No.

**CERTIFICATE OF INTERESTED PERSONS**..................................................... ii

**TABLE OF CONTENTS** .............................................................................iv

**INDEX OF AUTHORITIES** .........................................................................v

**STATEMENT OF THE CASE**.......................................................................2

**ISSUES PRESENTED**..................................................................................3

**SUMMARY OF THE ARGUMENT** ..............................................................3

**STANDARD OF REVIEW** ...........................................................................3

**ARGUMENT**...............................................................................................4

**Reply to Issues One-Four:** The district court properly granted appellee's
Motion to Dismiss Baseless Cause of Action ......................................... ........4

**PRAYER** ....................................................................................................6

**NOTICE OF ELECTRONIC FILING** ..........................................................8

**CERTIFICATE OF SERVICE** .....................................................................8

**CERTIFICATE OF COMPLIANCE** .............................................................9

# INDEX OF AUTHORITIES

**Cases**

*Johnson v. Rodriguez*,
  110 F.3d 299 (5th Cir. 1997) ...............................................................................6

*Koenig v. Blaylock*,
  No. 03-15-00705-CV, slip op. at 3-4, 2016 WL 3610950 (Tex. App.—Austin,
  July 01, 2016, no pet. h.)......................................................................................5

*Madison v. Parker*,
  104 F.3d 765, 768 (5th Cir. 1997) .......................................................................6

*Orellana v. Kyle*,
  65 F.3d 28, 31-31 (5th Cir. 1995).........................................................................6

*Wooley v. Schaffer*,
  447 S.W.3d 71, 76 (Tex. Civ. App.—Houston [14th Dist.] 2014).......................4

**Statutes**

Texas Constitution Article 1, Section 19 ................................................................2

**Rules**

Tex. R. Civ. P. 91a.3 ..............................................................................................4

Tex. R. Civ. P. 91a.6 ..............................................................................................4

## In the Court of Appeals

## For the Third Supreme Judicial District of Texas

## Austin, Texas

*JAMES BOONE*
**Plaintiff-Appellant,**

**v.**

*DAVID GUTIERREZ, CHAIRMAN,*
*TEXAS BOARD OF PARDONS AND PAROLES*
**Defendant-Appellee**

**On Appeal from the 201ST Judicial District Court**

**of Travis County Texas.**

## BRIEF OF APPELLEE

**TO THE HONORABLE JUDGES OF THE THIRD COURT OF APPEALS:**

NOW COMES David Gutierrez, Presiding Chair, Texas Board of Pardons and Paroles (TBPP) by and through his counsel, the Attorney General of Texas, and submits this his Appellee's Brief in response to the brief filed by appellant, James Boone.

# I

## STATEMENT OF THE CASE

Appellant James Boone is an offender currently incarcerated at the Ellis Unit within the Texas Department of Criminal Justice, Walker County, Texas. Proceeding *pro se* and *informa pauperis*, plaintiff filed his Original Due Process of Law Complaint Pursuant to United States Constitution Amendment Fourteen; Texas Constitution Article 1, Section 19 on December 29, 2015.[1] David Gutierrez is the presiding officer of the TBPP, a state agency.[2] Appellee filed his Motion to Dismiss Plaintiff's Baseless Cause of Action on February 02, 2016.[3] Appellant Boone is seeking relief in the form of requiring the District Court to require the TBPP to reverse its prior decision and grant appellant parole or to require the TBPP to provide a special review hearing for appellant, considering him for parole release.[4]

On March 04, 2016, via telephone conference, the Honorable Amy Clark Meacham of the 201st Judicial District Court, Travis County, Texas heard appellee Gutierrez' Motion to Dismiss Plaintiff's Baseless Cause of Action.[5] The District Court subsequently granted appellee's motion on April 04, 2016.[6] Appellant filed

---

[1] Clerk's Record, Vol. 1, Pgs. 04-29.
[2] Clerk's Record, Vol. 1, Pg. 42.
[3] Clerk's Record, Vol. 1, Pgs. 42-45.
[4] Clerk's Record, Vol. 1, Pg. 13-14.
[5] Reporter's Record, Vol. 1. Pgs. 01-12.
[6] Clerk's Record, Vol. 1, Pg. 70.

his Notice of Appeal on May 12, 2016.[7]  Appellant's brief was received and filed by

this Court on April 21, 2016.

## II

### ISSUES PRESENTED

**Reply to Issues One-Four:** The district court properly granted appellee's Motion to Dismiss Plaintiff's Baseless Cause of Action.

## III

### SUMMARY OF THE ARGUMENT

1.  The 45-day deadline in TRCP91a is directory, rather than mandatory, thus offering the District Court the ability to consider the motion in keeping with the prompt dismissal of baseless causes of action.

2.  The district court properly granted appellee's because appellant's lawsuit, founded on the principle that he has a liberty interest in being released on parole, has no basis in law.

3.  It has long been recognized that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole.

## IV

### STANDARD OF REVIEW

Pursuant to Tex. R. Civ. P. 91a, a trial court may dismiss a cause of action

that (1) has no basis in law, (2) no basis in fact, or (3) on both of these grounds. Tex.

R. Civ. P. 91a.1.[8]  In deciding such a motion, a trial court may not consider evidence

---

[7] Clerk's Record, Vol. 1, Pgs. 84-85.

[8] Appellant's cause of action is not governed by Chapter 14 of the Texas Civil Practice and Remedies Code because parole issues are not governed by the Texas Department of Criminal Justice grievance process.

and must decide the motion solely on a review of the content within the four corners of the live pleading, including the attachments thereto.[9] The determination of whether a cause of action has any basis in law and in fact are legal questions that are reviewed *de novo*.[10]

**V**

**ARGUMENT**

**Reply to Issues One-Four:** The district court properly granted appellee's Motion to Dismiss Plaintiff's Baseless Cause of Action.

**<u>Argument and Authorities</u>**

As stated previously, appellee Gutierrez' Motion to Dismiss Plaintiff's Baseless Cause of Action was heard via a telephonic hearing on March 04, 2016.[11] An Order granting the motion was issued on April 04, 2016.[12] Appellant Boone argues that the District Court failed to meet the requisites of Texas Rule of Civil Procedure 91a.3 by failing to issue its Order by March 17, 2016.[13] According to TRCP 91a.3(c), the motion to dismiss must be granted or denied within 45 days after the motion is filed.[14] However, this Court very recently held that the "45-day period

---

[9] Tex. R. Civ. P. 91a.6.
[10] *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. Civ. App.—Houston [14th Dist.] 2014).
[11] Reporter's Record, Vol. 1, Pgs. 01-12.
[12] Clerk's Record, Vol. 1, Pg. 70.
[13] Appellant's Brief, pg. 10.
[14] Tex. R. Civ. P. 91a.3.

4

during which a court 'shall' deny or grant a Rule 91a motion to dismiss is merely directory rather than mandatory."[15]

> In the absence of any 'words restraining' action by the trial court beyond the time limit and the outlining of any consequences for failure to act therein, it is more reasonable to conclude that the time limit in this relatively new rule is not a hard deadline that prohibits the court from considering the substance of the motion to dismiss after the expiration of the 45-day time period but, rather, a provision included in the rule to promote the orderly and prompt dismissal of baseless causes of action.[16]

In this instance, while the hearing was held within the 45 day deadline, the District Court took additional time to review the case prior to making its ruling shortly on April 04, 2016.

As to the substance of the appeal, appellant Boone writes that appellee's failure to grant him parole release, or at the least, a special parole review, is unconstitutional based on the fact that he "has only had one (1) major disciplinary infraction (during 23 years of incarceration)"[17] and in light of his light of accomplishments.[18] However, it has long been recognized that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and

---

[15] *Koenig v. Blaylock*, No. 03-15-00705-CV, slip op. at 3-4, 2016 WL 3610950 (Tex. App.—Austin, July 01, 2016, no pet. h.).
[16] *Id.,* at 3.
[17] Clerk's Record, Vol. 1, Pg. 10.
[18] Clerk's Record, Vol. 1, Pg. 13.

Texas prisoners have no constitutional expectancy of release on parole.[19] It is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."[20]

Appellant Boone has the mistaken belief that he has a constitutionally protected liberty interest in parole. Consequently, the trial court did not err when it granted appellant Gutierrez' Motion to Dismiss Plaintiff's Baseless Cause of Action and its judgment must be affirmed.

## VI

## PRAYER

In light of the foregoing, appellee David Gutierrez respectfully asks the court to affirm the trial court's judgment granting appellee's Motion to Dismiss Plaintiff's Baseless Cause of Action.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

---

[19] *See Orellana v. Kyle*, 65 F.3d 28, 31-32 (5th Cir. 1995); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).
[20] *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

6

**BRANTLEY STARR**
Deputy First Assistant Attorney
General

**JAMES E. DAVIS**
Deputy Attorney General for Civil
Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

<u>CAROL M. GARCIA</u>
**CAROL M. GARCIA**
Assistant Attorney General
Law Enforcement Defense Division
Attorney in Charge
State Bar No. 07631680
carol.garcia@texasattorneygeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Phone: (512) 463-2080
Fax No: (512) 936-2109

**ATTORNEYS FOR DEFENDANT-
APPELLEE**

## NOTICE OF ELECTRONIC FILING

I, **CAROL M. GARCIA**, Assistant General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Appellee's Brief** in accordance with the Electronic Case Files System of the Third Court of Appeals, on the 04th day of October 2016.

*/s/* CAROL M. GARCIA
**CAROL M. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CAROL M. GARCIA,** Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing **Appellee's Brief** has been served by placing same in the United States Mail on this 04th day of October 2016, addressed to:

James Boone, TDCJ-ID# 658981
Ellis Unit
1697 FM 980
Huntsville, Texas 77343
*Appellant Pro Se*

*/s/* CAROL M. GARCIA
CAROL M. GARCIA
Assistant Attorney General

**CERTIFICATE OF COMPLIANCE**
With Type-Limitation, Typeface Requirements,
and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    [X]    this brief contains 1155 words, excluding the parts of the brief exempted by Fed. R. App.P.32 (a) (7) (B) (iii), or

    [ ]    this brief uses a monospaced typeface and contains [state the number of] lines of text, including the parts of the brief exempted by Fed. R. App.P. 32(z) (7) (B) (iii).

2.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]    this brief has been prepared in a proportionally spaced typeface using MS Word for Window, version 2010 in Times Roman 14-point type face, or

    [ ]    this brief has been prepared in a monospaced typeface using [state name and version of work processing program] with [state number of characters per inch and name of type style].


*/s/ Carol M. Garcia*
**CAROL M. GARCIA**

COUNSEL FOR DEFENDANT-
APPELLEE


October 4, 2016