Sabina M. HAYDU, Plaintiff,

v.

TIDEWATER COMMUNITY COLLEGE,

and

The State Board of Community Colleges, a/k/a The Virginia Community College System, Defendants.

ACTION NO: 2:16cv624

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed 07/19/2017

Raymond L. Hogge, Jr., Esquire, Jennifer T. Atkinson, Esquire, Hogge Law, 500 E. Plume Street, Suite 800, Norfolk, VA 23510, for Plaintiff.

Liza S. Simmons, Esquire, Sarah F. Robb, Esquire, Office of the Attorney General—Richmond, 202 N. 9th Street, Richmond, VA 23219, for Defendants.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter is before the court on the Defendants' Motion for Summary Judgment. ECF No. 9,[1] The Plaintiff filed a Memorandum in Opposition to Motion for Summary Judgment. ECF No. 11. The Defendants filed a Reply Brief in Support of Motion for Summary Judgment, ECF No. 12, and an Amended Reply Brief in Support of Motion for Summary Judgment ("Amended Reply"). ECF No. 13. The Plaintiff then filed a Motion for Leave to File Supplemental Exhibits in Opposition to Motion for Summary Judgment ("Motion for Leave"), ECF No. 14, to which the Defendants did not respond. On April 28, 2017, the court granted the Plaintiff's Motion for Leave, held in abeyance the Defendants' Motion for Summary Judgment, and stayed this action to allow the bankruptcy trustee sixty (60) days to intervene in this action. Memorandum Order of April 28, 2017, ECF No. 16. The bankruptcy trustee filed a Motion for Leave to Intervene ("Motion to Intervene") on June 26, 2017. ECF No. 17. The Defendants did not file a response.

### I.

The Plaintiff filed the instant Complaint on October 21, 2016. ECF No. 1.[2] The

---

1. The Defendants' Motion for Summary Judgment was filed in response to the Plaintiff's Motion to Stay Pending Action by the Bankruptcy Court or Trustee ("Motion to Stay"). ECF No. 7.

2. The factual background of this case is set forth in full in the court's Memorandum Order of April 28, 2017. ECF No. 16, at 2–6.

Plaintiff claims that her employer discriminated against her based on her national origin and her religion. Id. ¶ 1. In December 2013, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 7. Unable to resolve the dispute, the EEOC forwarded the case to the Department of Justice, and the Department of Justice issued a Notice of Right to Sue in June 2016. Id. ¶¶ 9–10; Notice of Right to Sue, ECF No. 10-8. In the interim, in January 2015, the Plaintiff and her husband filed a Voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Virginia, but did not disclose her discrimination claims to the bankruptcy court. Voluntary Petition, ECF No. 10-3. The Plaintiff and her husband were granted a discharge in May 2015. Discharge of Joint Debtors, ECF No. 10-4. The bankruptcy estate was closed in January 2016. Order Discharging Trustee and Closing Case, ECF No. 10-6.

The Plaintiff acknowledged to this court that her "charge of discrimination and Title VII claims should have been, but apparently were not, disclosed in her bankruptcy proceedings." Mem. Supp. Mot. Stay, ECF No. 8, at 2.[3] As a result, she had delivered to bankruptcy counsel a letter requesting that bankruptcy counsel notify the trustee of the Title VII claims and have the bankruptcy proceedings reopened to allow the trustee to either abandon, intervene in, or otherwise consider and act upon the Plaintiff's claims in this action. Id. at 2–3. On March 3, 2017, bankruptcy counsel filed in the bankruptcy court a Motion to Reopen Case ("Motion to Reopen"). Motion to Reopen Case, In re Haydu, No. 15–70216–SCS, (Bankr. E.D. Va.

Mar. 3, 2017), ECF No. 30. On April 13, 2017, the bankruptcy court held a hearing and granted the Motion to Reopen, and ordered the appointment of a trustee. Id., ECF Nos. 34, 36–38. By order dated April 27, 2017, the bankruptcy court appointed John C. McLemore as trustee for the bankruptcy estate. Id., ECF No. 39. On June 26, 2017, the trustee sought the bankruptcy court's approval to have the Plaintiff's counsel serve as special counsel in this case, id., ECF No. 46, and on June 29, 2017, the bankruptcy court entered an order authorizing engagement of the special counsel. Id., ECF No. 48.

## II.

The Defendants' Motion for Summary Judgment makes two arguments. First, the Defendants argue that the court lacks subject matter jurisdiction over this proceeding because the Plaintiff's claims belong to the bankruptcy trustee, and the Plaintiff therefore lacks standing to bring this action. Mem. Supp. Sum. Judg., ECF No. 10, at 5–8. Second, the Defendants argue that because the Plaintiff initially represented to the bankruptcy court that she had no actual or potential claims, she is estopped from now asserting those claims here. Id. at 8–11.

### A. Standing

Article III, § 2 of the Constitution extends the federal judicial power only to "Cases" and "Controversies." U.S. Const. Art. III, § 2; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process."). "Standing is a threshold jurisdic-

---

3. The Plaintiff also stated that she informed bankruptcy counsel of her Title VII claims and EEOC charge, and that he advised her

that she did not need to disclose them in the bankruptcy proceeding. Haydu Decl. ¶ 8.

tional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001) (citing Steel Co., 523 U.S. at 102, 118, 118 S.Ct. 1003). The burden of establishing standing is on the party claiming that subject matter jurisdiction is proper. Frank Krasner Enters., Ltd. v. Montgomery Cty., 401 F.3d 230, 234 (4th Cir. 2005) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Subject matter jurisdiction cannot be waived, "and can be raised by a party, or by the court sua sponte, at any time prior to final judgment." Educ. Credit Mgmt. v. Kirkland (In re Kirkland), 600 F.3d 310, 314 (4th Cir. 2010).

■ The filing of a Chapter 7 bankruptcy petition creates an estate that includes, with exceptions not relevant here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Upon the filing of a petition, the debtor relinquishes control over the estate, including all existing and potential legal claims, to the trustee. Logan v. JKV Real Estate Servs. (In re Bogdan), 414 F.3d 507, 512 (4th Cir. 2005) ("More specifically, 'property of the estate' under § 541(a) has 'uniformly been interpreted to include causes of action.'") (quoting Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 901 (7th Cir. 2000)). A bankruptcy trustee represents the estate and "has capacity to sue and be sued," 11 U.S.C. § 323(b), and shall "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). "Any interest in property that the estate acquires after the commencement of the case" is also property of the estate. 11 U.S.C. § 541(a)(7).

■ By filing a bankruptcy petition, a debtor not only creates a bankruptcy estate but also relinquishes control of her assets and liabilities to the estate. If the estate includes a cause of action, "then the trustee alone has standing to bring that claim." Nat. Am. Ins. v. Ruppert Landscaping Co., Inc., 187 F.3d 439, 441 (4th Cir. 1999). All of a debtor's assets and liabilities, including actual or potential legal claims, are the property of the bankruptcy estate, and the debtor has an affirmative duty to disclose such assets and liabilities to the bankruptcy court. Vanderheyden v. Peninsula Airport Comm'n, No. 4:12-cv-46, 2013 WL 30065, at *8 E.D. Va. Jan. 2, 2013) (Davis, J.); Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 208 (5th Cir. 1999) ("Any claim with potential must be disclosed, even if it is 'contingent, dependent, or conditional.'") (quoting Youngblood Grp. v. Lufkin Fed. Savs. & Loan Ass'n, 932 F.Supp. 859, 867 (E.D. Tex. 1996)). This duty to disclose does not end when the bankruptcy petition is filed, but continues through the bankruptcy proceedings and requires the debtor to update the court if her financial situation changes. Vanderheyden, 2013 WL 30065, at *8; see also 11 U.S.C. § 541(a)(7) (bankruptcy estate includes any property interest acquired "after the commencement of the case"). These disclosures are essential to the functioning of the bankruptcy system, because creditors and courts rely on them in determining how to proceed.

The Plaintiff's discrimination claims were being considered by the EEOC when she filed her bankruptcy petition, and accordingly became the exclusive property of the bankruptcy estate when she filed for bankruptcy. See In re Bogdan, 414 F.3d at 512 ("More specifically, 'property of the estate' under § 541(a) has 'uniformly been interpreted to include causes of action.'") (quoting In re Polis, 217 F.3d at 901).

Because the Plaintiff's claims were the property of the bankruptcy estate, the trustee alone had standing to bring them. Ruppert Landscaping, 187 F.3d at 441.

The Defendants argue that because the "[t]rustee alone has standing to bring any Title VII claims," the court lacks subject matter jurisdiction and must grant summary judgment. Mem. Supp. Sum. Judg. at 8. The Defendants state that, as "in Vanderheyden, there is nothing in this record to show that the bankruptcy trustee abandoned Haydu's employment claims or that Haydu sought to exempt such claims from the bankruptcy estate," and therefore the Plaintiff "clearly lacks standing." Defs.' Amended Reply at 2; see also Mem. Supp. Sum. Judg. at 6–7.

After the expiration of an approximately four-week period during which the trustee could have intervened, the Vanderheyden court concluded that the plaintiff lacked standing to pursue her Title VII claims and could not show that the trustee had abandoned the claims. Vanderheyden, 2013 WL 30065, at *9–10; see also Vanderheyden v. Peninsula Airport Comm'n, No. 4:12-cv-46, 2012 WL 6760107 at *8 (E.D. Va. Sept. 27, 2012) (magistrate judge recommending that the trustee be allowed to intervene before "the time for objections expires"). The district court described the magistrate judge's recommendation that the bankruptcy trustee be given a "reasonable time in which to seek to intervene as the real party in interest, pursuant to the liberal joinder rules of the federal courts." Vanderheyden, 2013 WL 30065, at *10. After the bankruptcy court considered the Plaintiff's request and "denied [the plaintiff's] petition to reopen the bankruptcy action," which foreclosed any possibility that a new trustee would ever be appointed in the plaintiff's bankruptcy case, the court granted summary judgment. Id.

■ When this case last came before the court, the trustee had only recently been reappointed, and it would have been premature for this court to find that the trustee would not intervene in this action. At this juncture, the trustee has moved to be substituted as the real party-in-interest. As described above, the Plaintiff's discrimination claims became the property of the bankruptcy estate when the bankruptcy petition was filed. Accordingly, the court finds that the bankruptcy trustee should be substituted as the real party-in-interest in this action. While the Defendants did not respond to the Motion to Intervene, they previously conceded that the trustee has standing to bring the Plaintiff's claims. Mem. Supp. Sum. Judg. at 2 ("the bankruptcy trustee and not Haydu is the only party with standing to assert these claims"), 6 ("the bankruptcy trustee alone has standing to bring the claims"), 8 ("the Trustee alone has standing to bring any Title VII claims"). The Defendants' contention that the Plaintiff lacks standing to pursue her claims does not entitle them to summary judgment, because the trustee does have standing to pursue these claims.

**B. Judicial Estoppel**

■ "Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 28 (4th Cir. 1995) (citing United Va. Bank v. B.F. Saul Real Estate Inv. Tr., 641 F.2d 185, 190 (4th Cir. 1981)). "Judicial estoppel is an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts." Folio v. City of Clarksburg, W.Va., 134 F.3d 1211, 1217 (4th Cir. 1998) (quoting John S. Clark Co., 65 F.3d at 29). It exists to "protect the integrity of the judicial system" and "is invoked in the discretion of the district court and with the recognition that each application must be

decided upon its own specific facts and circumstances." King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1998).

The Fourth Circuit has established that:

> In order for judicial estoppel to apply, (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be stopped must have acted intentionally, not inadvertently.

Folio, 134 F.3d at 1217–18 (citing Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996), cert. denied, 519 U.S. 1113, 117 S.Ct. 954, 136 L.Ed.2d 841 (1997)). As relevant here, a debtor may be precluded from pursuing claims about which she had knowledge, but did not disclose, during the bankruptcy proceeding. See, e.g., In re Coastal Plains, Inc., 179 F.3d at 208–09; Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570, 571 (1st Cir. 1993) ("[The plaintiff], having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.").

This court need not decide whether the Plaintiff is estopped from asserting her claims, because even if she is, the trustee is not. In general, "an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy." Reed v. City of Arlington, 650 F.3d 571, 573 (5th Cir. 2011); Reynolds v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272–73 (11th Cir. 2004) (reversing district court's finding that bankruptcy trustee was estopped because of debtor's failure to disclose claim, because "the trustee made no false or inconsistent statement under oath in a prior proceeding"). This rule accords with the text and goals of the bankruptcy code. When the Plaintiff filed for bankruptcy, her discrimination claims became the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1) (filing bankruptcy petition creates an estate that includes "all legal or equitable interests of the debtor"); Reed, 650 F.3d at 575. At that time, the trustee became the real party-in-interest, and had the capacity to sue on behalf of the estate. 11 U.S.C. § 323(b) (trustee "has capacity to sue and be sued"); id. § 704(a)(1) (trustee shall "collect and reduce to money the property of the estate"); Reed, 650 F.3d at 575 (discussing statutes). "This duty was not affected by [the debtor's] failure to disclose the asset, and it was not extinguished by the conclusion of the bankruptcy case." Reed, 650 F.3d at 575. Moreover, estoppel would be inconsistent with the bankruptcy code's objectives, because it would harm the Plaintiff's innocent creditors. Id. at 576.

### III.

Based on the above, the Defendants' Motion for Summary Judgment is **DENIED**. The bankruptcy trustee's Motion to Intervene is **GRANTED**. The Clerk is **DIRECTED** to substitute the bankruptcy trustee as the Plaintiff on the docket of this case. The Clerk is further **DIRECTED** to forward a copy of this Memorandum Order to counsel for the parties and to the bankruptcy court.

**IT IS SO ORDERED.**